UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
MAR 2 8 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| CHERI ANN WHITLOCK, | § | |
| | § | |
| APPELLANT, | § | |
| | § | Civil No. SA-16-CV-00049-RCL |
| v. | § | |
| | § | |
| JOHN PATRICK LOWE, | § | |
| CHAPTER 7 TRUSTEE, | § | |
| | § | |
| APPELLEE. | § | |

**Memorandum Opinion:**
**Denying the Appellant's Motion for Reconsideration or, in the Alternative, for a New Trial**

The appellant, Ms. Cheri Whitlock, asks the Court to reconsider its earlier opinion [ECF #11] and order [ECF #12] affirming the judgment of the bankruptcy court. While the Court agrees that its earlier opinion requires amendment, the Court again affirms the judgment of the Bankruptcy Court. Therefore, the appellant's motion [ECF #13] will be **DENIED**.

## BACKGROUND

The Court's earlier opinion [ECF #11] contains a detailed account of the factual and procedural background of this case. Therefore, this opinion provides only a statement of those portions relevant to the current opinion.

I. **Factual Background**

This case arises from Mr. Curtis DeBerry's Chapter 7 bankruptcy. Prior to filing for bankruptcy, Mr. DeBerry and his wife, Mrs. Kathy DeBerry, transferred $275,000 from a jointly owned bank account to an account owned and controlled by the appellant, Ms. Cheri Whitlock.

1

After receiving the fraudulent transfer, Ms. Whitlock made two transfers relevant to the present motion. First, she transferred $32,000 to Mrs. DeBerry. Second, she transferred $200,000 to Masterbaiter Charters, LLC ("MBC"). These transfers were made before Mr. DeBerry filed for bankruptcy. The funds transferred to Mrs. DeBerry and to MBC were then spent, also before Mr. DeBerry filed for bankruptcy. For purposes of this opinion, the Court assumes without deciding that the funds transferred to MBC and to Mrs. DeBerry were in essence transferred to Mr. DeBerry, the debtor in this case, and would have been part of the bankruptcy estate had they not been spent prior to the bankruptcy petition being filed.[1] Therefore, the funds transferred from Ms. Whitlock to Mrs. DeBerry and to MBC were "returned" to what later became the bankruptcy estate.

## II. The Bankruptcy Court's Decisions

After all of this transferring and spending, Mr. DeBerry finally filed for bankruptcy. The bankruptcy court first found that the initial transfer of funds to Ms. Whitlock was fraudulent and voidable under numerous federal and state statutes (including 11 U.S.C. § 544). Second, the bankruptcy court found that Ms. Whitlock was an "initial transferee" from whom the trustee could recover the funds under 11 U.S.C. § 550(a). Third, the bankruptcy court concluded that recovering from Ms. Whitlock the $232,000 that Ms. Whitlock transferred to Mrs. DeBerry and to MBC did not violate the single-satisfaction rule set forth in 11 U.S.C. § 550(d).

## III. This Court's Initial Decision and the Motion for Reconsideration.

In this Court's initial opinion, it affirmed all three of the bankruptcy court's conclusions. It appears to the Court that Ms. Whitlock, in her motion for reconsideration, only

---

[1] In its earlier opinion, the Court concluded that it did not need to decide the question of whether this was the case. (*See* ECF #11 at 3 fn.5). The Court still does not decide the issue. But for purposes of this opinion the Court assumes that Ms. Whitlock's position—that the funds were in essence transferred back to the debtor—is correct.

2

asks the Court to reconsider its decision to affirm the bankruptcy court's third conclusion. Therefore, the Court's earlier decisions affirming that the initial transfer to Ms. Whitlock was fraudulent and that Ms. Whitlock counts as an "initial transferee" for purposes of 11 U.S.C. § 550(a)—and the reasoning behind those decisions—remains intact.

But upon consideration, the Court concludes that while its decision to affirm the bankruptcy court's third conclusion—that recovering $232,000 from Ms. Whitlock does not violate the single-satisfaction rule—was correct, the reasoning behind the Court's initialdecision was faulty. Therefore, the Court issues this amended opinion.

## ANALYSIS

### I. Section 550 of the Bankruptcy Code Establishes the "Single-Satisfaction Rule."

Section 550 of the bankruptcy code is an "avoidance" statute. It permits a bankruptcy trustee to "avoid" statutorily defined transfers of property away from the estate and to recover the transferred property or the value thereof for the benefit of the estate. (11 U.S.C. §550(a)). The trustee may recover the property or the value thereof from either the initial transferee or from any future transferee. (11 U.S.C. §550(a)(1) and (2)).

But Section 550 places limitations on this general rule. One of these limitations, found in Section 550(d), is relevant to this case. Section 550(d) states that "a trustee is entitled to only a single satisfaction under subsection (a) of this section."

### II. The Court Utilized Faulty Reasoning in Its Original Opinion.

Throughout the course of this litigation, Ms. Whitlock has asserted multiple times that the purpose of the avoidance statutes in the bankruptcy code—and of the single-satisfaction rule in 11 U.S.C. § 550(d) in particular—is "to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." ((ECF #10 at 7; ECF #13 at 2) (internal citations

3

omitted)). This is likely an accurate statement of the underlying purpose of Section 550. Ms. Whitlock goes so far as to call this a "rule." (*See* ECF #13 at 3).

In its earlier opinion, the Court reasoned that Ms. Whitlock's transfer of funds to Mrs. DeBerry and to MBC did not restore the estate to the financial condition it would have enjoyed if the transfer had not occurred. (ECF #11 at 14). The Court reasoned this was so because the $232,000 at issue here was spent before the creation of the bankruptcy estate. And because the money was spent, the "estate here, at filing, was not in the same position it would have been in had the transfers not occurred, because the money was no longer in the debtor's possession." (*Id.*).

This line of reasoning has a fatal flaw—it assumes that Mr. DeBerry would not have spent the money without the initial transfer to Ms. Whitlock. But that is a bad assumption. Had the transfer to Ms. Whitlock not occurred, Mr. DeBerry could still have spent the $232,000. As it actually happened, Mr. DeBerry did spend the $232,000. He just took a few extra steps before doing so. Therefore, the Court erred in concluding that the estate, at filing, was not in the same position it would have been had the transfer to Ms. Whitlock not occurred. In both cases, the bankruptcy estate is in the same position—down $232,0000.

### III. Though the Court's Earlier Reasoning Was Faulty, Its Conclusion Was Not.

#### A. The Plain Text of Section 550 Permits the Trustee to Recover from Ms. Whitlock.

Although the Court concludes that the reasoning in its first opinion was wrong, the Court's holding was not wrong. Permitting the trustee to recover $232,000 from Ms. Whitlock will not violate the single-satisfaction rule.

4

The reason this is true is because the "rule" that Ms. Whitlock relies on[2] is not a rule at all. The text of Section 550 is the rule. General statements of policy, design, or purpose are not. Where the text is ambiguous, such general statements may be helpful to resolve the ambiguity. But where the text is clear, no amount of philosophizing or grand statements about design can excuse a court's failure to follow the text. The error in the earlier opinion, then, was relying too much on a non-rule in place of the statutory text.

The text of Section 550 is clear as it applies to this case. Section 550(a) reads as follows:

> (a) Except as otherwise provided in this section, to the extent a transfer is avoided under section 544 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or . . . the value of such property, from—
> (1) the initial transferee of such transfer . . . or
> (2) any immediate or mediate transferee of such initial transferee.

(11 U.S.C. §550(a)). First, the transfer to Ms. Whitlock was found to be avoidable under Section 544 of the bankruptcy code. That is not contested. As such, the trustee is entitled to recover the $232,000 transferred *to* Ms. Whitlock. Second, Ms. Whitlock is the initial transferee of the transfer. And the trustee here acts for the benefit of the bankruptcy estate.[3] As such, the trustee is entitled to recover the $232,000 *from* Ms. Whitlock—unless "otherwise provided" in Section 550.

The "otherwise provided" on which Ms. Whitlock relies is the single-satisfaction rule found in Section 550(d), which reads as follows: "The trustee is entitled to only a single satisfaction

---

[2] i.e., that the purpose of Section 550(d) is to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred

[3] Ms. Whitlock seems to argue that the "estate" referred to here is not the bankruptcy estate, but rather the transferor's pre-bankruptcy estate. But that cannot be so. Trustees do not act on behalf of the debtor or for the debtor's benefit. Trustees represent and act on behalf of the bankruptcy estate. As such, it makes no sense to say that Section 550 authorizes trustees to recover property for the benefit of the pre-bankruptcy estate. In addition, the only time a trustee can utilize Section 550 is during a bankruptcy proceeding, by which point the interests of the pre-bankruptcy estate are null.

under subsection (a) of this section." (11 U.S.C. §550(d)). The question raised by Section 550(d) is whether there has already been a recovery under Section 550(a).

The answer in this case is clearly "no." Ms. Whitlock's transfer of the $232,000 to Mrs. DeBerry and to MBC was not made to effect a recovery under Section 550(a)—it was made to further Mr. DeBerry's fraudulent attempt to hide his assets in anticipation of bankruptcy. Beyond the fraudulent purpose of the transfers, there is another reason for which Ms. Whitlock's "return" of the funds cannot be considered a recovery under Section 550(a). It is the trustee that is entitled to recover property under Section 550(a), not the debtor. But the trustee in this case never possessed the $232,000. That being the case, the so-called "return" of funds in this case cannot be considered a recovery under Section 550(a).

The Court realizes that this decision is at odds with those made by other bankruptcy and district courts that a pre-petition return of avoidably transferred funds to the debtor absolves the initial transferee from liability under Section 550. (*See* ECF #11 at 11–13 (containing a nearly two-page-long string citation to cases reaching this conclusion)). The Court is unpersuaded by those cases. The Court will not provide an in-depth discussion of each case. Suffice it to say that having reviewed them, the Court concludes that they are either distinguishable because they involved concerns about windfalls to the bankruptcy estate that are not present here (discussed below) or they ignore the text of the governing statute.

### B. This Case Does Not Implicate Concerns About Windfalls to the Bankruptcy Estate.

Things *might* have been different had Mr. DeBerry not spent all the money before declaring bankruptcy, or had the money been spent on tangible goods that later became part of the bankruptcy estate under the trustee's control. In such situations, the trustee would be in possession

of the value of the property that was avoidably transferred, and an argument could be made that allowing a recovery under Section 550(a) would result in a windfall to the bankruptcy estate.

But that is not the case here. Mr. DeBerry did spend all the money before declaring bankruptcy and the Court has received no information indicating that the bankruptcy estate includes items purchased by Mr. DeBerry with the $232,000. This means that the bankruptcy estate—which, again, is the estate with which Section 550 is concerned—will receive no windfall. The bankruptcy estate is down $232,000, just as it would have been had Ms. Whitlock kept the funds for herself, had she transferred the funds to someone else, or had Mr. DeBerry spent the money without transferring it to Ms. Whitlock in the first place.

Therefore, even *if* concerns about windfalls could override the plain text of the statute, such concerns are not warranted here. The bankruptcy estate will receive no windfall if it recovers from Ms. Whitlock.

## CONCLUSION

Because the plain text of Section 550 entitles the trustee to recover from Ms. Whitlock the $232,000 at issue in this case, the Court affirms its earlier opinion (though for different reasons) and will **DENY** Ms. Whitlock's motion for reconsideration or for a new trial.

**A separate order will issue.**

SIGNED this ___28th___ day of March, 2018.

_____
HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE